**FILED**

FEB 0 8 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   JAMES BAFFORD, doing
    business as CAR DOCTOR,
10
              Plaintiff,              NO. CIV. S-11-2474 LKK/JFM
11        v.

12                                    PRETRIAL CONFERENCE ORDER
    TRAVELERS CASUALTY                        [TENTATIVE]
13  INSURANCE COMPANY OF
    AMERICA, a Connecticut
14  corporation, qualified to
    do business in California,
15
              Defendant.
16  _____/

17      Pursuant to court order, a Pretrial Conference was held in

18  Chambers on February 4, 2013.  THOMAS J. NEWTON appeared as counsel

19  for plaintiff; G. EDWARD RUDLOFF, JR. and JENNIFER N. WAHLGREN

20  appeared as counsel for defendant.  After hearing, the court makes

21  the following findings and orders:

22      This is a suit between plaintiff James Bafford d/b/a "Car

23  Doctor" and Travelers Casualty Insurance Company of America,

24  alleging (i) breach of contract, and (ii) breach of the covenant

25  of good faith and fair dealing.

26  ////

                                  1

1              **I.   JURISDICTION/VENUE**

2         Jurisdiction is predicated upon diversity under 28 U.S.C. §

3    1332, as the parties are citizens of different states and the

4    amount in controversy exceeds \$75,000.

5         Venue is predicated upon 28 U.S.C. § 1391(b), as a

6    substantial part of the events giving rise to plaintiff's claims

7    occurred in Lodi.

8              **II.   JURY/NON-JURY**

9         Defendant has demanded trial by jury.

10             **III.   UNDISPUTED FACTS**

11        1. Defendant Travelers issued Policy No. I-680-370M9810-

12   ACJ-10 ("Policy"), effective from October 26, 2010 to October 26,

13   2011, to Plaintiff Bafford to insure property located at 201 North

14   Sacramento Street, Lodi, California ("Property").

15        2. On March 25, 2011, Plaintiff reported to Defendant that his

16   auto repair shop, located at the Property, had been burglarized.

17        3. Plaintiff reported that his tools had been stolen.

18        4. Defendant assigned Plaintiff's claim the claim number

19   ENR1882.

20        5. On March 29, 2011, Defendant sent Plaintiff a letter

21   regarding his contents loss, to which was attached a contents claim

22   worksheet.

23        6. Defendant obtained Plaintiff's recorded statement on April

24   1, 2011. By "recorded," the parties mean a statement recorded by

25   tape which was subsequently transcribed.

26        7. Defendant's Claim Adjuster, Gerald Guilles, met with

2

1  Plaintiff at the Property.

2      8. On April 15, 2011, Defendant sent Plaintiff a Reservation
3  of Rights letter, which included a request for a sworn statement
4  of proof of loss.

5      9. On May 20, 2011, Defendant sent a letter to Plaintiff's
6  counsel rejecting Plaintiff's sworn statement of proof of loss.

7      10. On June 21, 2011, Defendant obtained a recorded statement
8  from an anonymous witness.

9      11.  On July 12, 2011, Defendant sent Plaintiff's counsel a
10  letter.

11      12.  On July 19, 2011, Defendant's coverage counsel sent
12  Plaintiff's counsel a letter requesting an examination under oath
13  of Plaintiff as well as documentation supporting Plaintiff's
14  business, personal property and business income claim.

15      13.  On September 2, 2011, Defendant obtained a recorded
16  statement from Patricia Garcia.

17      14.  Plaintiff's examination under oath was taken on November
18  11, 2011.

19      15.  On December 7, 2011, Defendant's coverage counsel
20  provided Plaintiff's counsel with a transcript of that examination.

21      16.  On January 9, 2012, Plaintiff's counsel returned the
22  executed signature page for the examination under oath transcript
23  indicating that Plaintiff had made no changes to the transcript.

24      17.  On February 2, 2012, Defendant's coverage counsel sent
25  Plaintiff's counsel a letter detailing the denial of Plaintiff's
26  claim on the basis of material misrepresentations Plaintiff

3

1  assertedly made during Defendant's investigation and during his
2  examination under oath.

3      18.   In March 2012, Defendant received information from
4  Plaintiff regarding a trip to a recycling center.

5      19. On March 30, 2012, Defendant took the recorded statement
6  of Ignacio Cachu.

7      20.  On April 6, 2012, Defendant obtained the recorded
8  statement of John Avey.

9      21. On May 11, 2012, Defendant obtained the recorded statement
10  of Timothy Stocker.

11      22.   On June 14, 2012, Defendant's coverage counsel sent
12  Plaintiff's counsel a letter confirming that Defendant stood by its
13  denial of Plaintiff's claim.

14      23.   The certified copy of the Policy is a true and correct
15  copy of the original.

16      24.   Other than endorsements issued with the Policy, there
17  have been no modifications to the Policy or collateral agreements
18  that would affect its terms.

19                    **IV.   DISPUTED FACTUAL ISSUES**

20      1.  Whether or not Defendant withheld insurance proceeds
21  unreasonably and without proper cause.

22      2.  Whether or not Defendant conducted a full, fair, and
23  thorough investigation of Plaintiff's claim.

24      3. Whether or not Defendant's claim handling was conducted
25  with prejudice towards Plaintiff's claim.

26      4. Whether or not Defendant considered facts both supporting

4

1  Plaintiff's claim and supporting denial of Plaintiff's claim.

2      5. Whether or not Defendant had sufficient grounds to conclude
3  that Plaintiff had removed tools and equipment from his shop some
4  two or three days before he reported the loss as occurring.

5      6.  Whether or not Defendant unreasonably concluded that
6  Plaintiff was guilty of insurance fraud.

7      7.  Whether or not Plaintiff was truthful in providing answers
8  in his insurance application when he indicated that he had not had
9  insurance canceled, declined, or non-renewed in the past three
10 years.  Note: this will be addressed in the parties' trial briefs.

11     8.  Whether or not Plaintiff was truthful in providing answers
12 in his insurance application when he indicated that he did not have
13 any claims or loss occurrences in the past three years. Note:  This
14 will equally be addressed in the parties' trial briefs.

15     9.  Whether or not Plaintiff made misrepresentations to
16 Defendant regarding his claim.

17     10.  Whether or not Plaintiff substantially provided all of the
18 documentation that Defendant requested during its handling of his
19 claim.

20     11.  Whether or not Defendant rescinded the Policy before
21 Plaintiff filed suit on July 20, 2011.

22     12.  Whether or not Defendant reached a premature conclusion
23 that Plaintiff had removed the tools he claimed were stolen in the
24 theft.

25     13.  Whether or not the emails and communications between
26 Defendant's claims handlers and its investigators show that

5

1  Defendant failed to take into consideration evidence discovered
2  during its investigation that would tend to support Plaintiff's
3  claim.

4      14. Whether or not Defendant made a decision within 30 days
5  of submission of the claim that Plaintiff was guilty of insurance
6  fraud.

7      15. Whether or not Defendant made a decision within 30 days
8  of submission of the claim that Plaintiff was guilty of insurance
9  fraud because Plaintiff had failed to set his alarm before the
10 burglary.

11     16. Whether or not Defendant, in denying Plaintiff's claim,
12 took into consideration Plaintiff's explanation that he had not set
13 the alarm because of a visit by an Alldata representative to
14 demonstrate computer software, even after Defendant confirmed that
15 Alldata had a representative in the field that day.

16     17. Whether or not email, instant messages, and other
17 communications  between  Defendant's  claims  handlers  and
18 investigators demonstrate that they were "out to get this guy"
19 [i.e., Plaintiff].

20     18. Whether or not Defendant ignored those portions of the
21 statements of witnesses Dennis Bloom and Patricia Garcia in which
22 it was evident that neither could identify any specific item that
23 Plaintiff removed from his shop which Plaintiff would later claim
24 had been stolen.

25 ////

26 ////

6

1              **V.   DISPUTED EVIDENTIARY ISSUES**

2      1. Records of Defendant's February 29, 2012 interview with

3 Julie Pollack.

4      2. Records of Defendant's February 29, 2012 interview with

5 Plaintiff's ex-wife Tina Donaldson.

6      3. Defense witness John Avey.

7      4. Evidence of Plaintiff's loss of a U.S. Postal Service

8 account prior to the alleged theft.

9      5. Evidence of misstatement of Plaintiff's previous claims

10 when he applied for insurance coverage with Defendant.

11      6. Asserted alleged violations of the California Insurance

12 Code and/or California Fair Claims Settlement Practices

13 Regulations.

14      7.  Plaintiff's claim for attorney's fees.

15      8.  Defendant's claim file and SIU notes.

16      The parties are to bring on motions in limine, to be filed

17 not later than March 11, 2013, to be heard on April 8, 2013 at

18 10:00 a.m.

19              **VI.   RELIEF SOUGHT**

20       Plaintiff seeks monetary damages of $80,000 for replacement

21 of personal property and $250,000 for business income replacements.

22      Plaintiff also seeks tort damages for emotional distress

23 stemming from Defendant's breach of the covenant of good faith and

24 fair dealing.

25      Defendant seeks judgment in its favor. Both parties seek

26 costs.

1

### VII.  **POINTS OF LAW**

2      1.    The standards for breach of contract, under the facts
3  and circumstances of this case.

4      2.    The standards and burdens of proof concerning the breach
5  of implied covenant of good faith and fair dealings, under the
6  facts and circumstances of this case.

7      Both parties agree that California law applies.

8      ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY
9  ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW
10 AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

11

### VIII.  **ABANDONED ISSUES**

12     By order dated November 7, 2012, the court granted Defendant's
13 motion for partial summary judgment on the issue of Plaintiff's
14 claim for punitive damages.

15

### IX.  **WITNESSES**

16     Plaintiff anticipates calling the following witnesses:
17     See attachment "A".

18     Defendant anticipates calling the following witnesses:
19     See attachment "B".

20     Each party may call a witness designated by the other.

21     A.    No other witnesses will be permitted to testify unless:

22         (1)    The party offering the witness demonstrates that the
23 witness is for the purpose of rebutting evidence which
24 could not be reasonably anticipated at the Pretrial Conference, or
25 ////

26 ////

8

1          (2)   The  witness was discovered after the Pretrial
2    Conference and the proffering party makes the showing required in
3    "B" below.

4          B.   Upon  the  post-Pretrial  discovery  of  witnesses,  the
5    attorney shall promptly inform the court and opposing parties of
6    the existence of the unlisted witnesses so that the court may
7    consider at trial whether the witnesses shall be permitted to
8    testify.   The evidence will not be permitted unless:

9          (1)   The  witnesses  could  not  reasonably  have  been
10   discovered prior to Pretrial;

11          (2)   The  court  and  opposing  counsel  were  promptly
12   notified upon discovery of the witnesses;

13          (3)   If time permitted, counsel proffered the witnesses
14   for deposition;

15          (4)   If time did not permit, a reasonable summary of the
16   witnesses' testimony was provided opposing counsel.

17                 **X.   EXHIBITS, SCHEDULES AND SUMMARIES**

18        Plaintiff contemplates the following by way of exhibits:
19        See attachment "C".

20        Defendant contemplates the following by way of exhibits:
21        See attachment "D".

22        A.   No other exhibits will be permitted to be introduced
23   unless:

24          (1)   The party proffering the exhibit demonstrates that
25   the exhibit is for the purpose of rebutting evidence which could
26   not be reasonably anticipated at the Pretrial Conference, or

1                 (2)    The   exhibit   was   discovered   after   the   Pretrial
2    Conference and the proffering party makes the showing required in
3    paragraph "B," below.

4         B.    Upon   the   post-Pretrial   discovery   of   exhibits,   the
5    attorneys shall promptly inform the court and opposing counsel of
6    the existence of such exhibits so that the court may
7    consider at trial their admissibility.   The exhibits will not be
8    received unless the proffering party demonstrates:

9                 (1)   The   exhibits   could   not   reasonably   have   been
10   discovered prior to Pretrial;

11                (2)   The court and counsel were promptly informed of
12   their existence;

13                (3)   Counsel   forwarded   a   copy   of   the   exhibit(s)   (if
14   physically possible) to opposing counsel.   If the exhibit(s) may
15   not be copied, the proffering counsel must show that he has made
16   the exhibit(s) reasonably available for inspection by opposing
17   counsel.

18        As to each exhibit, each party is ordered to exchange copies
19   of the exhibit not later than fourteen (14) days from the date of
20   this Pretrial Order.   Each party is then granted fourteen (14) days
21   to file with the court and serve on opposing counsel any objections
22   to said exhibits.   In making said objections, the party is to set
23   forth the grounds for the objection.   As to each exhibit which is
24   not objected to, it shall be marked and received into evidence and
25   will require no further foundation.   Each exhibit which is objected
26   to will be marked for identification only.

                                      10

1    In addition to electronically filing said objections, if any,
2 the objections must be submitted by email, as an attachment in Word
3 or WordPerfect format, to: arivas@caed.uscourts.gov.

4    The attorney for each party is directed to appear before and
5 present an original and one (1) copy of said exhibit to Ana Rivas,
6 Deputy Courtroom Clerk, not later than 10:30 a.m. on the date set
7 for trial.   All exhibits shall be submitted to the court in
8 binders.   Plaintiff's exhibits shall be listed numerically.
9 Defendant's exhibits shall be listed alphabetically.   The parties
10 shall use the standard exhibit stickers provided by the court:
11 pink for plaintiff and blue for defendant.

12                    **XI.   DISCOVERY DOCUMENTS**

13    Defendant intends to introduce portions of Plaintiff's
14 responses to its Interrogatories Nos. 1, 2, 7, and 8 and portions
15 of Plaintiff's deposition transcript.

16                **XII.   FURTHER DISCOVERY OR MOTIONS**

17    Beyond motions in limine, none.

18                       **XIII.   STIPULATIONS**

19    None.

20                  **XIV.   AMENDMENTS/DISMISSALS**

21    None, except as noted above.

22                 **XV.   FURTHER TRIAL PREPARATION**

23    A.   Counsel are directed to Local Rule 285 regarding the
24 contents of and the time for filing trial briefs.

25    B.   Counsel are informed that the court has prepared a set
26 of standard jury instructions.   In general, they cover all aspects

                                  11

1    of the trial except those relating to the specific claims of the
2    complaint.   Accordingly, counsel need not prepare instructions
3    concerning matters within the scope of the prepared instructions.
4    A copy of the prepared instructions is given to the parties at the
5    Pretrial Conference.

6        C.   Counsel are further directed that their specific jury
7    instructions shall be filed fourteen (14) calendar days prior to
8    the date of trial.   As to any instructions counsel desires to
9    offer, they shall be prepared in accordance with Local Rule
10   163(b)(1) which provides:

11       "Two copies of the instructions shall be submitted. One
12       copy shall be electronically filed as a .pdf document
13       and shall contain each instruction on a separate page,
14       numbered and identified as to the party presenting it.
15       Each  instruction  shall  cite  the  decision,  statute,
16       ordinance, regulation or other authority supporting the
17       proposition stated in the instruction."

18       The second copy ("jury copy") shall be submitted by e-mail to
19   lkkorders@caed.uscourts.gov.

20       **In addition, counsel shall provide copies of proposed forms**
21   **of verdict, including special verdict forms, at the time the**
22   **proposed jury instructions are filed with the court.**

23       D.   It is the duty of counsel to ensure that any deposition
24   which is to be used at trial has been filed with the Clerk of the
25   Court. Counsel are cautioned that a failure to discharge this duty
26   ////

                                  12

1  may result in the court precluding use of the deposition or
2  imposition of such other sanctions as the court deems appropriate.

3      E.    The parties are ordered to file with the court and
4  exchange between themselves not later than one (1) week before the
5  trial a statement designating portions of depositions intended to
6  be offered or read into evidence (except for portions to be used
7  only for impeachment or rebuttal).

8      F.    The parties are ordered to file with the court and
9  exchange between themselves not later than one (1) week before
10 trial the portions of answers to interrogatories which the
11 respective parties intend to offer or read into evidence at the
12 trial (except portions to be used only for impeachment or
13 rebuttal).

14     G.    The court has extensive audiovisual equipment available.
15 Any counsel contemplating its use shall contact the court's
16 Telecommunications Manager, Andre Carrier, at (916) 930-4223, at
17 least two weeks in advance of trial to receive the appropriate
18 training.

19              **XVI.   SETTLEMENT NEGOTIATIONS**

20     A Settlement Conference is **SET** before the Honorable Edmund F.
21 Brennan, United States Magistrate Judge, on March 21, 2013 at 10:00
22 a.m.    The parties are directed to submit confidential settlement
23 conference statements to chambers **not later than seven (7) days**
24 **prior to the settlement conference.** Such statements are neither to
25 be filed with the clerk nor served on opposing counsel.  However,
26 each party shall e-file a one page document entitled Notice of

                              13

1 Submission of Confidential Settlement Conference Statement.   The
2 parties may agree, or not, to serve each other with the settlement
3 statements.   Each party is reminded of the requirement that it be
4 represented in person at the settlement conference by a person able
5 to dispose of the case or fully authorized to settle the matter at
6 the settlement conference on any terms. See Local Rule 270.

7                  **XVII.   AGREED STATEMENTS**

8      None.

9              **XVIII.   SEPARATE TRIAL OF ISSUES**

10      None.

11                  **XIX.   ATTORNEYS' FEES**

12      Plaintiff asserts it is entitled to attorney's fees from
13 the Defendant.   The parties' entitlement to attorneys' fees and
14 costs will be addressed in their trial briefs.

15                  **XX.   MISCELLANEOUS**

16      None.

17          **XXI.   ESTIMATE OF TRIAL TIME/TRIAL DATE**

18      Jury trial is set for May 7, 2013, at 10:30 a.m. in Courtroom
19 No. 4.   The parties represent in good faith that the trial will
20 take approximately ten (10) days.

21      Counsel are to call Ana Rivas, Courtroom Deputy, at (916)
22 930-4133, one week prior to trial to ascertain status of trial
23 date.

24          **XXII.   OBJECTIONS TO PRETRIAL ORDER**

25      Each party is granted fourteen (14) days from the effective
26 date of this Pretrial Order [Tentative] to object to or augment

                            14

1  same.    Each party is also granted seven (7) days thereafter to
2  respond to the other party's objections.    If no objections or
3  additions are made, the Tentative Pretrial Order will become final
4  without further order of the court.

5      The parties are reminded that pursuant to Federal Rule of
6  Civil Procedure 16(e), this order shall control the subsequent
7  course of this action and shall be modified only to prevent
8  manifest injustice.

9                       **XXIII.   OTHER**

10     All time limits and dates that refer to the Pretrial Order
11 refer to the date this Pretrial Order [Tentative] is filed and
12 not the date an amended order, if any, is filed.

13     IT IS SO ORDERED.

14     DATED: February 8, 2013.

17                              LAWRENCE K. KARLTON
18                              SENIOR JUDGE
19                              UNITED STATES DISTRICT COURT

## ADDENDUM A

### PLAINTIFF'S WITNESS LIST

1.   James Bafford

2.   Brittany Robinson

3.   Tim Stocker

4.   Ignacio Cachu

5.   Larry Bafford

6.   Exzelda Vernon

7.   Gerald Guilles

8.   Ryan Sigel

9.   Nikki White

10.   Douglas Smith

11.   Terry Sable

12.   Debra Green

ATTACHMENT "A"

# TRAVELERS' TRIAL WITNESS LIST

| WITNESS NO. | NAME |
|:---:|:---:|
| 1. | James Bafford |
| 2. | Nikki White |
| 3. | Gerald Guilles |
| 4. | Ryan Sigel |
| 5. | Jennifer Fackler |
| 6. | ExZelda Vernon |
| 7. | Tatianna Norris |
| 8. | Sergeant Brucia |
| 9. | Thomas J. Newton |
| 10. | Douglas L. Smith |
| 11. | Dennis Bloom |
| 12. | Patricia Garcia |
| 13. | Officer Dunfee |
| 14. | Tina Donaldson |
| 15. | Julie Christine Polak |
| 16. | Ignacio Cachu |

ATTACHMENT "B"

-2-

TRAVELERS' TRIAL WITNESS LIST
Case No. 2:11-cv-02474-LKK-JFM

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

| | |
|---|---|
| 17. | Timothy Stocker |
| 18. | Jonathan Nith |
| 19. | Och Sao |
| 20. | Steve Cowan |
| 21. | John Avey |
| 22. | Brian Dillon |
| 23. | Alejandro J. Eger |
| 24. | Dimas Ruiz |
| 25. | Frank Hipolito |
| 26. | Wenceslao Piring |
| 27. | Brittany Robinson |
| 28. | Patrick Heiser |
| 29. | Larry Bafford |
| 30. | Brenda Munnerlyn |
| 31. | Tara Kelly |
| 32. | Ben Smith |
| 33. | Custodian of Records for Axis Reinsurance |
| 34. | Custodian of Records for Snap-On Credit LLC |
| 35. | Custodian of Records for Colony Management Services |

-3-

TRAVELERS' TRIAL WITNESS LIST
Case No. 2:11-cv-02474-LKK-JFM

| 36. | Retained Expert - Lonnie Anderson |
|-----|-----------------------------------|
| 37. | Retained Expert - Steve Rosenthal |

DATED:  January 28, 2013          **FORAN GLENNON PALANDECH**
                                   **PONZI & RUDLOFF PC**


                                   By:   /s/   G. Edward Rudloff, Jr.

                                        G. Edward Rudloff, Jr.
                                        Jennifer N. Wahlgren
                                   Attorneys for Defendant TRAVELERS
                                   CASUALTY INSURANCE COMPANY OF
                                   AMERICA

TRAVELERS' TRIAL WITNESS LIST
Case No. 2:11-cv-02474-LKK-JFM

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

## ADDENDUM B

## PLAINTIFF'S EXHIBIT LIST

1.   Insurance Policy I680370M9810-ACJ-10

2.   Police Report dated 3/25/11 and supplemental report

3.   Photographs of Plaintiff's tools

4.   Proof of Loss dated 5/4/11

5.   Receipts for tools

6.   Price list for stolen tools from Snap-On Tools

7.   Photographs and receipts from Stockton Recycling Center dated 3/23/11

8.   Digital recorded statement of Dennis Bloom dated 6/21/11

9.   Travelers Claims File

10.  Travelers SIU Notes

11.  Claim denial letter dated 2/2/12 by attorney Douglas Smith

12.  Douglas Smith's letter of 6/14/12 affirming its previous decision of 2/2/12

13.  Bank statements of Plaintiff from period October 2010 through April 2011

14.  Work orders of Plaintiff from October 2010 through March 2011

15.  Email from ExZelda Vernon to Gerald Guilles dated 4/4/11

16.  Email from Gerald Guilles to ExZelda Vernon dated 4/5/11 and reply of Vernon

17.  Email of Gerald Guilles to ExZelda Vernon dated 4/4/11

18.  Email of Gerald Guilles to ExZelda Vernon dated 4/18/11

19.  Email of Gerald Guilles to ExZelda Vernon dated 4/15/11

20.  File Note of 5/9/12 by Ryan Sigel

ATTACHMENT "C"

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

| TRIAL EXHIBIT NO. | DATE | DESCRIPTION | DATE IDENTIFIED | DATE ADMITTED |
|---|---|---|---|---|
| A. | | No Date: One Page Typewritten Document<br><br>Re: Past Employees & People/Buss. Lawsuits | | |
| B. | | Selection of Documents Produced by Plaintiff | | |
| C. | | Selection of Documents Produced by Axis Reinsurance | | |
| D. | | Selection of Documents Produced by Colony Management Services | | |
| E. | | Selection of Documents Produced by Dimas Ruiz | | |
| F. | | Selection of Documents Produced by Snap-On Credit, LLC | | |
| G. | | Selection of Documents from Travelers' Claim File | | |
| H. | | Black and White image of gate & lock | | |
| I. | | Copies of check stubs | | |
| J. | | Inventory of tools | | |
| K. | | Copies of various tool invoices | | |
| L. | | Color & Black and White images of tools | | |
| M. | | Chase Bank Statements | | |
| N. | | Car Doctor Service Receipts | | |
| O. | | Claim Documents for Boat Loss | | |
| P. | | Digital Statement of Anonymous Witness | | |
| Q. | | Digital Statement of James Bafford | | |
| R. | | Online Fraudulent Claim Form from CA. Department of Ins. | | |

-2-

TRAVELERS' TRIAL EXHIBIT LIST
Case No. 2:11-cv-02474-LKK-JFM        ATTACHMENT "D"

| | | | | | |
|---|---|---|---|---|---|
| | | Re: James Bafford | | | |
| S. | | Lock used at the property at the time of the loss | | | |
| T. | | Patrick Heiser's Notes | | | |
| U. | | Color Photographs Of Car Doctor Shop | | | |
| V. | | Settlement Calculation By Axis Reinsurance | | | |
| W. | | Snap-on Credit Delinquent Notice | | | |
| X. | | Communication Records Copies of electronic files from Snap-On Credit | | | |
| Y. | | NICB Indicators of Property Fraud | | | |
| Z. | | Photos of Inspection of the Lock performed by Douglas Smith | | | |
| 2A. | | Selected Documents from Travelers Claim Notes | | | |
| 2B. | | Selected Documents from Travelers' SIU Notes | | | |
| 2C. | | Lodi Police Department Incident Report, Officer Narrative and Supplemental Report (Lexis Nexis Doc.) | | | |
| 2D. | | Sea-Safe/Ski-Safe Policy | | | |
| 2E. | | Selected Portions of Plaintiff's Discovery Responses | | | |
| 2F. | 09/03/08 | Application for Business Credit from Snap-On Credit | | | |
| 2G. | 09/16/08 | Credit Sale Contract from Snap-On Credit | | | |
| 2H. | 09/28/08 | Incident Report City of Paso Robles | | | |
| 2I. | 09/29/08 | Loss Report for 2005 Mastercraft X-star | | | |

-3-

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

| | | | | |
|---|---|---|---|---|
| 2J. | 10/08/08 | Snap On Tools Quotations Produced by Axis Reinsurance | | |
| 2K. | 10/20/08 | Email from James Bafford to Jay Blond<br><br>Re: Boat Claim | | |
| 2L. | 10/21/08 | Signed Statement by James Bafford<br><br>Re: Burglarized Boat | | |
| 2M. | 10/21/08 | Signed Statement by James Bafford | | |
| 2N. | 10/21/08 | Email from James Bafford to Jay Blond<br><br>Re: Boat Claim –B&W Photographs | | |
| 2O. | 10/21/08 | Fax from James Bafford to Jay Blond<br><br>Re: Claim | | |
| 2P. | 10/23/08 | Email from Jay Blond<br><br>Re: Signed Statement & Photographs | | |
| 2Q. | 10/23/08 | Email from Jay Blond to James Bafford<br><br>Re: Settlement<br><br>Claim approved | | |
| 2R. | 01/14/09 | Incident/Investigation Report-Kern County Sheriff's Office | | |
| 2S. | 01/14/09 | Loss Report - Kern County<br><br>Loss Date: 01/28/09<br><br>Settlement Calculation | | |
| 2T. | 01/20/09 | Loss Report<br><br>Re: Boat | | |
| 2U. | 01/21/09 | Email from Christine Janke to Len Zeppo<br><br>Re: Final Report of Theft Claim | | |
| 2V. | 01/26/09 | Fax from James Bafford to Kate Fitch | | |

-4-

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

| | | | | |
|---|---|---|---|---|
| | | | Re: Estimate for Boat and Signed Statement | | |
| 2W. | 01/28/09 | Fax from JB to Kate Fitch<br><br>Re: Police Reports & Receipts from Tow Co. | | |
| 2X. | 01/28/09 | Settlement Calculation Claim # 219989-0002-003 | | |
| 2Y. | 08/20/09 | Garage Application from Colony Management Services | | |
| 2Z. | 08/20/09 | Policy Declaration<br><br>Pol. #GP3172020 | | |
| 3A. | 09/04/09 | Narrative of Inspection by Colony Management | | |
| 3B. | 10/09/09 | Notice of Cancellation by Colony Management | | |
| 3C. | 11/20/09 | Email from David Strauss to Len Zeppo<br><br>Re: 2005 Mastercraft Policy # 000S21998902 | | |
| 3D. | 3/29/10 | Email from Jennifer Fackler to Brian Dillon<br><br>Re: Claim #ENR1882 | | |
| 3E. | 08/20/10 | Policy Declaration Pol.# GP31712020 | | |
| 3F. | 10/01/10 | Bank of the West Statements | | |
| 3G. | 10/26/10 | Travelers Insurance Policy | | |
| 3H. | 10/26/10 | Marketing Worksheet from Truex Insurance | ~ | |
| 3I. | 10/26/10 | Travelers Underwriting Memo | | |
| 3J. | 11/01/10 | Rental/Credit Application from Dimas Ruiz | | |
| 3K. | 11/01/10 | Commercial Lease | | |
| 3L. | 12/12/10 | Car Doctor invoice of payment<br><br>Re: sale of transmission | | |

-5-

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

| | | | | | |
|---|---|---|---|---|---|
| 3M. | 12/27/10 | Itemized invoice to US Mail for $1,223.45 | | | |
| 3N. | 01/10/11 | Car Doctor final bill to US Mail for $375.00 | | | |
| 3O. | 02/07/11 | Email from Judy Quiroga to Nacho<br><br>Re: Final bill car doctor #3215690 | | | |
| 3P. | 02/23/11 | SmartZone Communication Center Re: Additional Funds Car Doctor | | | |
| 3Q. | 03/07/11 | Fax – Truex Insurance<br><br>Re: Evidence of Insurance | | | |
| 3R. | 03/25/11 | Incident/Investigation Report-Lodi Police Dept. | | | |
| 3S. | 03/25/11 | Ltr. from Jennifer Fackler to James Bafford<br><br>Re: Assignment of Claim | | | |
| 3T. | 03/29/11 | Claim Acknowledgement | | | |
| 3U. | 03/29/11 | Email from Jennifer Fackler to Cardoctor@live.com With Attachments<br><br>Re: Contents Loss | | | |
| 3V. | 03/29/11 | Email from Brian Dillon to Jennifer Fackler Cc: Eloisa Ramos<br><br>Re:  Email to James Bafford | | | |
| 3W. | 03/30/11 | Email from Sarah Richman to  Jennifer Fackler Cc: Gerald Guilles, Lucia Dawn<br><br>Re: Reassignment of claim to Gerald Guilles | | | |
| 3X. | 03/30/11 | Email from ExZelda Vernon to Jennifer Fackler<br><br>Re: IAP for case | | | |
| 3Y. | 03/30/11 | Email from ExZelda Vernon to Jennifer Fackler | | | |

-6-

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

| | | | | | |
|---|---|---|---|---|---|
| | | | Re: Meeting with Bafford 4/1/11 | | |
| | 3Z. | 03/31/11 | Fw Email from Jennifer Fackler to Gerald Guilles<br><br>Re: Meeting with Bafford on 4/1/11 | | |
| | 4A. | 04/01/11 | Recorded Statement of James Bafford by ExZelda Vernon | | |
| | 4B. | 04/01/11 | Email from ExZelda Vernon to Jennifer Fackler, Gerald Guilles<br><br>Re: Recap of Meeting with Bafford | | |
| | 4C. | 04/04/11 | Comprehensive Report | | |
| | 4D. | 04/04/11 | Email from Gerald Guilles to Gerald Guilles<br><br>Re: Bafford | | |
| | 4E. | 04/04/11 | Email from ExZelda Vernon to Gerald Guilles<br><br>Re: Background Check on Bafford | | |
| | 4F. | 04/06/11 | Email from Nascarb to Gerald Guilles<br><br>Re: Pictures of Stolen Tools | | |
| | 4G. | 04/11/11 | Email from Gerald Guilles to Lucia Dawn | | |
| | 4H. | 04/12/11 | Email from Nascarb to Guilles, Gerald<br><br>Re: Repair Orders | | |
| | 4I. | 04/12/11 | Email from Nascarb to Gerald Guilles<br><br>Re: Car Doctor Repair Orders Email #1 | | |
| | 4J. | 04/12/11 | Email from Nascarb to Gerald Guilles<br><br>Re: Car Doctor Repair Orders Email #4 | | |
| | 4K. | 04/12/11 | Email from Renee Collins to Gerald Guilles | | |

-7-

TRAVELERS' TRIAL EXHIBIT LIST
Case No. 2:11-cv-02474-LKK-JFM

| | | | | |
|---|---|---|---|---|
| | | Re: Fax has arrived from remote ID | | |
| 4L. | 04/15/11 | Ltr. from Gerald Guilles to James Bafford<br><br>Re: Reservation of Rights Ltr. | | |
| 4M. | 04/20/11 | Email from Gerald Guilles to Andrew Zychalski<br><br>Re: Claim | | |
| 4N. | 04/25/11 | Email from Exzelda Vernon to Gerald Guilles<br><br>Re: Final Report on James Bafford | | |
| 4O. | 04/29/11 | Personal Check from Larry Bafford to James Bafford | | |
| 4P. | 04/30/11 | Sworn Statement of Proof of Loss | | |
| 4Q. | 05/06/11 | Email from Gerald Guilles to Ryan Sigel<br><br>Re: Car Doctor Repair Orders Email #1 | | |
| 4R. | 05/06/11 | Email from Ryan Sigel to Gerald Guilles<br><br>Re: Status of file | | |
| 4S. | 05/06/11 | Email from Gerald Guilles to Ryan Sigel<br><br>Re: Final Report on Bafford | | |
| 4T. | 05/07/11 | Email from Andolina Arnott to Ryan Sigel<br>Re: Bafford | | |
| 4U. | 05/08/11 | Ltr. from Thomas Newton to Paul Aragon<br><br>Re: Tenant James Bafford | | |
| 4V. | 05/09/11 | Email from ExZelda Vernon to Ryan Sigel<br><br>Re: Anonymous Witness | | |
| 4W. | 05/17/11 | Email from ExZelda to Andolina Arnott<br><br>Re: Authorization Form & | | |

**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

-8-

TRAVELERS' TRIAL EXHIBIT LIST
Case No. 2:11-cv-02474-LKK-JFM

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

| | | | Name of employees | | |
|---|---|---|---|---|---|
| 4X. | 05/17/11 | Email from Ryan Sigel to Andolina Arnott<br><br>Re: Authorization to Obtain Info. / Rejection Ltr. | | |
| 4Y. | 05/20/11 | Ltr. from Ryan Sigel to Thomas Newton<br><br>Re: Sworn Statement | | |
| 4Z. | 06/21/11 | Recorded Statement of Anonymous Witness | | |
| 5A. | 06/24/11 | Email from ExZelda Vernon to Gerald Guilles<br><br>Re: Witness Statement | | |
| 5B. | 06/30/11 | Ltr. from Thomas Newton to Dimas Ruis<br><br>Re: Notice to Landlord-vacating premises on 7/1/11 | | |
| 5C. | 07/06/11 | Letter from Dimas Ruiz to Thomas Newton | | |
| 5D. | 07/08/11 | Email from Nikki White to Tatianna Norris<br><br>Re: Follow Up | | |
| 5E. | 07/08/11 | Email from Gerald Guilles to E. Ramos, Truex<br>Cc: Tatianna Norris<br><br>Re: Claim Status | | |
| 5F. | 07/11/11 | Ltr. from Nikki White to James Bafford<br><br>Re: Reassignment of Claim | | |
| 5G. | 07/11/11 | Email from Brett Rodriguez to Nikki White<br><br>Re: Claim Status | | |
| 5H. | 07/11/11 | Email from ExZelda Vernon to Nikki White<br><br>Re: Credit Authorization for Bafford | | |
| 5I. | 07/12/11 | Ltr. from Nikki White to Thomas Newton | | |

-9-

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

| | | | |
|---|---|---|---|
| | | Re: Receipt of Ltr. of Representation | |
| 5J. | 07/12/11 | Experian U.S. Credit Profile Report for James Bafford | |
| 5K. | 07/12/11 | Email from ExZelda Vernon to Nikki White<br><br>Re: SIU Credit Profile Report | |
| 5L. | 07/12/11 | Email from ExZelda Vernon to Mark Kennison<br><br>Re: SUI Credit-James Bafford | |
| 5M. | 07/13/11 | Email from Andrew Zychalski to Nikki White<br><br>Re: Police Report | |
| 5N. | 07/18/11 | Email from Nikki White to Christina Sullivan<br><br>Re: James Bafford | |
| 5O. | 07/18/11 | Price List Variation Usage Report | |
| 5P. | 07/18/11 | Inventory of Items Lost/ Trade Summary | |
| 5Q. | 07/19/11 | Certified Ltr. from Douglas Smith to Thomas Newton<br><br>Re: Examination Under Oath | |
| 5R. | 07/19/11 | Inventory of Items Lost/Trade Summary | |
| 5S. | 07/26/11 | Claim Summary | |
| 5T. | 08/02/11 | Email string between Andrew Zychalski and Nikki White<br><br>Re: Found Police report associated with Claim | |
| 5U. | 08/08/11 | Email from ExZelda Vernon to Nikki White w/ attached comprehensive background check of Dennis Bloom | |

-10-

| | | | | |
|---|---|---|---|---|
| 5V. | 08/08/11 | Copy of envelope received by Travelers | | |
| 5W. | 08/09/11 | Ltr. from Douglas Smith to Thomas Newton<br><br>Re: : Schedule of Examination Under Oath | | |
| 5X. | 08/10/11 | Ltr. from Douglas Smith to Thomas Newton<br><br>Re: Reschedule of EUO to 8/26/11 | | |
| 5Y. | 08/10/11 | Express Underwriting Documentation | | |
| 5Z. | 08/10/11 | Ltr. from Douglas Smith to Thomas Newton<br><br>Re: Rescheduling of the EUO | | |
| 6A. | 08/24/11 | Ltr. from to Douglas Smith to Thomas Newton<br><br>Re: Rescheduling EUO | | |
| 6B. | 08/25/11 | Ltr. from Nikki White to Thomas Newton<br><br>Re: Status of Claim | | |
| 6C. | 09/02/11 | Recorded Statement of Patricia Garcia taken by ExZelda Vernon | | |
| 6D. | 09/27/11 | Ltr. from Douglas Smith to Thomas Newton<br><br>Re: Reschedule of EUO to 10/26/11 | | |
| 6E. | 10/05/11 | Ltr. from Douglas Smith to Thomas Newton<br><br>Re: Copy of Bafford's Recorded Statement | | |
| 6F. | 10/25/11 | Ltr. from Michelle Guess to Thomas Newton<br><br>Re: Rescheduling EUO | | |
| 6G. | 10/31/11 | Ltr. from Douglas Smith to Thomas Newton<br><br>Re: Reschedule of EUO to 11/11/11 | | |

-11-

TRAVELERS' TRIAL EXHIBIT LIST
Case No. 2:11-cv-02474-LKK-JFM

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

| | | | | |
|---|---|---|---|---|
| 6H. | 11/07/11 | Email from Nikki White to Tatianna Norris<br><br>Re: Upcoming EUO | | |
| 6I. | 11/11/11 | EUO Transcript of James Bafford | | |
| 6J. | 11/17/11 | Travelers Investigative Services Supplemental Report | | |
| 6K. | 11/18/11 | Ltr. from Thomas Newton to Douglas Smith<br><br>Re: Cell phone bills to be produced | | |
| 6L. | 12/05/11 | Ltr. from Douglas Smith to Thomas Newton<br><br>Re: Transcript of EUO and Witness Signature | | |
| 6M. | 12/05/11 | Ltr. from Thomas Newton to Douglas Smith<br><br>Re: Proof of Loss of Claims | | |
| 6N. | 12/07/11 | Ltr. from Douglas Smith to Thomas Newton<br><br>Re: Copy of EUO Transcript | | |
| 6O. | 12/08/11 | Ltr. from Nikki White to Thomas Newton<br><br>Re: Status of Claim | | |
| 6P. | 01/03/12 | Ltr. from Thomas Newton to Douglas Smith | | |
| 6Q. | 01/09/12 | Ltr. from Douglas Smith to Thomas Newton<br><br>Re: Scheduled document retrieval 01/12/12 | | |
| 6R. | 01/09/12 | Ltr. from Thomas Newton to Douglas Smith<br><br>Re: Signature Page of EUO | | |
| 6S. | 02/02/12 | Ltr. from Douglass Smith, Smith & Associates to Thomas Newton, Attorney at Law<br><br>Re: Claim Decision | | |

-12-

| | | | | |
|---|---|---|---|---|
| 6T. | 02/29/12 | Recorded Statement of Tina Donaldson | | |
| 6U. | 02/29/12 | Recorded Statement of Julie Polak | | |
| 6V. | 03/05/12 | Fax from Tina Donaldson to ExZelda Vernon Abstract of Judgment Boat Notes Boat Claims (Insurance) Incident Report | | |
| 6W. | 03/08/12 | Ltr. from Douglas Smith, Smith & Assoc. to Thomas Newton

Re: Reply to February 21, 2012 Ltr. | | |
| 6X. | 03/30/12 | Recorded Statement of Ignacio Cachu | | |
| 6Y. | 04/06/12 | Recorded Statement of John Avey taken by ExZelda Vernon of Travelers' Insurance Co. | | |
| 6Z. | 05/09/12 | Contingent Fee Agreement Between James Bafford & Thomas Newton | | |
| 7A. | 06/14/12 | Faxed Ltr. from Smith & Assoc. to Thomas Newton

Re: Travelers will not be changing claim decision | | |
| 7B. | 08/27/12 | Email from CA Ins. Dept. to Vernon ExZelda

Re: Confirmation of Electronic Suspected Fraudulent Claim submission to California Ins. Dept. | | |
| 7C. | 08/28/12 | Email from CA Ins. Dept. to Vernon ExZelda

Re: Confirmation of Electronic Suspected Fraudulent Claim submission to California Ins. Dept. | | |
| 7D. | 8/30/12 | Expert Report of Lonnie Anderson | | |

-13-

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

| 7E. | 8/30/12 | Expert Report of Steven Rosenthal | | |
| 7F. | 01/25/13 | Letter from Douglas Smith to Thomas Newton<br><br>Re: Reconsideration of Claim | | |

DATED: January 28, 2013                **FORAN GLENNON PALANDECH**
                                        **PONZI & RUDLOFF PC**


                                By:  /s/  G. Edward Rudloff, Jr.

                                        G. Edward Rudloff, Jr.
                                        Jennifer N. Wahlgren
                                        Attorneys for Defendant TRAVELERS
                                        CASUALTY INSURANCE COMPANY OF
                                        AMERICA

-14-